Dear Mr. Lawrence:
On behalf of the Monroe City School Board ("School Board"), you have requested the opinion of this office regarding the School Board's ability to take action to approve the hiring of school personnel when the superintendent of schools is unavailable to make recommendations due to a suspension of duties or other reasons. In your letter, you refer to state law that requires school boards to select certain personnel from recommendations made by the superintendent, and ask which personnel actions the School Board may take without the superintendent, and what options are otherwise available to the School Board when it must select personnel from recommendations made by the superintendent and the superintendent is unavailable due to a suspension of duties or for other reasons.
La.Const. art. VIII, § 9 provides that the legislature shall create parish school boards and provide for the election of their members. The legislature created school boards in each parish, [1]
and vested school boards with general control and management of the public schools in their districts, [2] subject to the control and supervision of the State Board of Elementary and Secondary Education ("BESE"), and the power of the legislature to enact laws affecting them.[3]
La.Const. art VIII, § 3 prohibits BESE from exercising control over the business affairs of a school board or the selection or removal of its officers and employees. La.R.S. 17:81 sets forth the general powers of school boards. Within those general powers granted is the authority of school boards to employ teachers and the authority to make rules and regulations for its own government as it deems proper, as long as said *Page 2 
rules are not inconsistent with law or with BESE regulations.[4]
Therefore, as to its business affairs and employment practices, a school board is only limited by rules regulating its actions, or by the absence of statutory authority to take action.
La.R.S. 17:81(A) requires school boards to select teachers and all other certified personnel from recommendations made by the superintendent, and provides in pertinent part as follows:
A. (1) Each city and parish school board shall determine the number of schools to be opened, the location of school houses, the number of teachers to be employed, and select teachers and all other certified personnel from recommendations made by the city or parish superintendent as required by this Subsection. The boards shall have authority to employ teachers by the month or by the year, and to fix their salaries . . .
(2) Each city and parish school board shall select teachers and all other certified personnel from recommendations made by the city or parish superintendent regarding the hiring and placement of all personnel for which state certification is required. It shall be the responsibility of the superintendent to ensure that all persons recommended have proper certification and are qualified for the position. Nothing shall prevent a school board from rejecting the recommendations made by the superintendent and requiring the superintendent to submit additional recommendations.
In Attorney General Opinion No. 99-0262, this office was asked to review and provide clarification regarding La.R.S. 17:81(A)(2), which had just been amended and reenacted by Act 42 of the First Executive Session of the 1998 Louisiana Legislature ("Act 42"). In that opinion we said La.R.S. 17:81(A)(2) requires the superintendent to make recommendations to the school board regarding the hiring and placement of teachers and other personnel for which state certification is required. It also requires the superintendent to ensure that all persons recommended have proper certification and are fully qualified for the position for which they are being recommended.
We noted that the prior language in La.R.S. 17:81(A)(1) allowed the school board to select teachers without the recommendation of the superintendent, provided that a majority of the full membership of the board selected the teacher. However, this language was deleted by Act 42, and the current language requires the school board to select teachers and other certified personnel from the recommendations by the superintendent and provides no other option. It does, however, allow a school board to reject the recommendations made by the superintendent and require the superintendent to submit additional recommendations, but it limits the school board's selection of certified personnel to individuals recommended by the superintendent. *Page 3 
It remains the opinion of this office that school boards may not approve the hiring of teachers and other certified personnel except those selected from recommendations made by the superintendent. If superintendent is unavailable to make the necessary recommendations, whether due to suspension of duties or for other reasons, teachers and other certified employees may not be hired by the school board. However, the school board is not limited in this manner regarding the employment of other types of school employees. The following statutes authorizing the school board to employ certain types of personnel do not contain the limitation found in La.R.S. 17:81(A) regarding teachers and other certified personnel.
There is specific statutory authority for school boards to employ custodial and maintenance staff in La.R.S. 17:84.1, which provides:
Parish and city school boards may also employ janitors, custodians, and maintenance employees as said boards may deem desirable for the proper and efficient conduct of their respective school system at such salaries, unless otherwise prescribed by law, and with such qualifications and duties as the board may deem advisable.
School boards have responsibilities and powers in reference to transportation, and are authorized to employ bus drivers pursuant to La.R.S. 17:158(A)(4), which provides as follows:
For such purposes, any parish or city school board may employ school bus operators as hereinafter defined in La.R.S. 17:491. However, nothing in this Section shall prohibit a parish or city school from entering into contracts or mutual agreements for providing school bus transportation.
School boards are also given the authority to employ cafeteria personnel necessary to operate and maintain school lunch departments in La.R.S. 17:82, which provides as follows:
The parish school boards throughout the state may maintain and operate lunch departments on a non-profit basis to provide meals for school children attending the public schools within their respective jurisdictions. The employees in these departments shall not be entitled to tenure rights under any of the tenure laws of the public school system.
Pursuant to La.R.S. 17:84, school boards are authorized to employ assistant superintendents, office personnel and other employees as needed. La.R.S. 17:84 provides in pertinent part as follows:
The parish school boards may appoint such assistant superintendents, supervisors, stenographers, bookkeepers as may be needed, and such attendance officers, medical directors, and other appointees as may be necessary for the proper and efficient *Page 4 
conduct of the schools; they may also fix their salaries and prescribe their duties.
And La.R.S. 17:84.2(A) requires school boards to employ a business manager or chief financial officer, and provides in pertinent part as follows:
Each city, parish, and other local public school board shall employ a business manager or chief financial officer who shall have the qualifications established by rules promulgated by the State Board of Elementary and Secondary Education.
These statutes authorizing school boards to hire school employees do not restrict the school board's selection to those recommended by the superintendent, and therefore these employees may be selected and approved by the school board without the superintendent. We refer to La.R.S. 17:84 above, which authorizes the School Board to appoint persons necessary for the proper and efficient conduct of the schools. The School Board may appoint an acting superintendent pursuant to this Section, and the acting superintendent may make the necessary recommendations regarding teachers and other certified personnel.
In summary, it is the opinion of this office that school boards may not approve the hiring of teachers and other certified personnel except those selected from recommendations made by the superintendent. If the superintendent is unavailable to make the necessary recommendations due to suspension of duties or other reasons, teachers and other certified employees may not be hired by the school board. However, school boards may hire all other types of school employees such as janitors, custodians and other maintenance employees, cafeteria personnel, bus drivers, assistant superintendents, supervisors, secretaries, bookkeepers and a business manager or chief financial officer without the recommendation of the superintendent. Therefore, the School Board may appoint an acting superintendent who may make the necessary recommendations regarding teachers and other certified personnel.
We trust this adequately addresses your concerns. If you have any additional questions, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________________ DENISE BROU FITZGERALD Assistant Attorney General
JDC/DBF/lbw
[1] LA.R.S. 17:51
[2] LA.R.S. 17:81
[3] La.Const. Art. VIII, § 10
[4] La.R.S. 17:81(C).